UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VCST INDUSTRIAL PRODUCTS,
B.V., a Belgium private limited company,
(d/b/a "VCST IP Mexican Branch"),

    Plaintiff,

v.

BORGWARNER, INC., a Delaware
Corporation, and BORGWARNER
NOBLESVILLE, LLC, a Delaware
Limited liability company

    Defendants.
_____/

Case No. 23-12798

Hon. Jonathan J.C. Grey

**ORDER GRANTING DEFENDANTS' SECOND MOTION
TO DISMISS (ECF No. 25) AND DENYING DEFENDANTS'
FIRST MOTION TO DISMISS AS MOOT (ECF No. 18)**

**I.    INTRODUCTION**

On January 2, 2024, VCST INDUSTRIAL PRODUCTS, B.V. ("VCST"), filed its first amended complaint against BorgWarner, Inc., BorgWarner Noblesville, LLC, and PHINIA USA, LLC (f/k/a BorgWarner PDS (Anderson), L.L.C.) ("BW") alleging breach of contract, breach of requirements contract under MCL 400.2306, breach of stated estimates under MCL 440.2306, breach of July settlement agreement, and unjust

1

enrichment. (ECF No. 21.)

On January 16, 2024, BW moved to dismiss VCST's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, the doctrine of forum non conveniens. (ECF No. 25.) On May 8, 2024, the Court held a hearing on BW's motion to dismiss. The motion is fully briefed.

For the following reasons, the Court **GRANTS** BW's second motion to dismiss. (ECF No. 25.) The Court further **DENIES AS MOOT** BW's first motion to dismiss. (ECF No. 18.)

**II. BACKGROUND**

The parties first began their commercial relationship in 2018. VCST is a seller, and BW is a buyer of specially manufactured pinions. The pinions are intended for use in assembly transmissions. (ECF No. 21, PageID.438.) BW bought pinions that were manufactured by VCST, which it would then supply to Ford for use in electric battery programs: the CX727, GT and V363 Programs. The pinions were manufactured at VCST's plant in Mexico and delivered to BW's plant in Mexico.

On November 29, 2018, BW issued a letter of intent ("LOI") to VCST concerning an agreement for the manufacture and purchase of the

pinions. (ECF No. 21-3.) The LOI, which was signed by a representative of both parties, explicitly states that "any legal obligations between the parties shall be only those set forth in an executed Purchase Order with Terms and Conditions." (*Id.*) A hyperlink to BW's purchase order terms and conditions is then included immediately thereafter. (*Id.*) Section 27 of the terms and conditions hyperlink contains a forum selection clause requiring that any legal action relating to the parties' contractual relationship be filed in the "Federal courts sitting in Mexico City." (ECF No. 25-2, PageID.716.)

On December 12, 2018, the parties executed an agreement titled "Addendum No. 1 to the Purchase Order Terms and Conditions" ("Addendum No. 1") (ECF No. 25-3.) In addition to amending BW's prior terms and conditions that were set forth in the LOI, Addendum No. 1 also purports to govern the parties' commercial relationship. Addendum No. 1 states:

> The Terms and Conditions as amended by this Addendum No. 1, are hereinafter referred to as the "Amended Terms and Conditions". The Amended Terms and Conditions shall govern with respect to Buyer's Purchase Order Number **TBD**, dated **TBD__; BEV pinion gear project, as described in LOI dated 11/29/2018**. ("Purchase Order"), relating to the purchase of automotive gears by Buyer from Seller for delivery to Buyer's San Louis Potosi, Mexico plant ("Buyer's

3

> Plant") and shall become effective upon the date of the last party to sign this Addendum No. 1 (the "Effective Date"). Those Sections of Buyer's Terms and Conditions" that are not referenced in this Addendum No. 1 remain unchanged.
>
> Subject to the foregoing, Buyer and Seller agree to amend the below referenced Sections of the Terms and Conditions as follows:

(*Id.*)

Addendum No. 1 then goes on to include agreed upon terms related to price, changes to the scope of work, invoicing, termination, indemnification, and insurance. (*Id.*) Like BW's prior purchase order terms and conditions set forth in the parties LOI, Section 27 of Addendum No. 1 also contains a forum selection clause that mandates claims arising from the parties agreement be litigated in Mexico. The clause states, "the parties expressly submit to the jurisdiction of the competent Federal courts sitting in Mexico City, an expressly waive their rights to any other jurisdiction that could correspond to them as a consequence of their domiciles or of any other reason." (*Id.*, PageID.722.)

Throughout the parties' contractual relationship, BW would request quotations from VCST. (ECF No. 21, PageID.440.) In turn, BW would then issue VCST an award letter after receiving VCST's quote. (*Id.*) Each award letter issued by BW stated that BW accepts VCST's

4

quote and included a list of terms that the parties agree to. (*Id.*) Additionally, the Award Letters subject both parties to agreed upon terms and conditions. (*Id.*)

The first two award letters signed by both parties and dated September 4, 2019, and December 19, 2019, explicitly state that "Addendum No. 1 to the Purchase Order Terms and Conditions applies." (ECF Nos. 21-6-7, 25-7.)

The next three award letters, also signed by both parties and dated June 7, 2021, August 11, 2021, and April 11, 2022, do not explicitly state that Addendum No. 1 applies. Instead, these three Award Letters state, "BorgWarner PowerDrive Systems [defendant] and VCST IP Mexican Branch [plaintiff] agree to work cooperatively to optimize costs and timing to meet our Customer Requirements and adhere to the BW Supplier Manuel and BW Purchase Order Terms and Conditions." (ECF Nos. 25-10, 25-11, 25-12.)

In June 2022, the parties' commercial relationship began to sour. (ECF No. 21, PageID.464.) According to VCST, BW cancelled a project under their agreement prematurely, which resulted in VCST seeking reimbursement costs against BW. (*Id.*, PageID.460.)

5

On June 23, 2022, VCST's CEO emailed a representative of BW seeking payment of costs already incurred by VCST in connection with BW's cancellation. (*Id.*) The CEO's email refers back to the parties LOI and Addendum No. 1 and states:

> Reference is made to the Ford BEV Program for which VCST produces gear compound pinions for delivery to BORGWARNER's San Louis Potosi, Mexico plant ("Project").
>
> Initial deliveries for this Project started under a letter of intent dated November 29, 2018, which was completed by BORGWARNER Purchase Order Terms and Conditions, as amended by Addendum No. 1 to the Purchase Order Terms and Conditions, dated 12 December 2018 (the "Amended Terms and Conditions"). Subsequent letters of intent/award letters also subject to the Amended Terms and Conditions.
>
> Recently on 6 June 2022, VCST received again a change request for capacity uplift from BORGWARNER ("Change Request"). To this Change Request, VCST would like to respond as per below.

(ECF No. 25-13, PageID.770.)

The email goes on to request payment from BW pursuant to Section 8 of Addendum No. 1. (*Id.*) Then, on July 18, 2023, the parties negotiated a settlement agreement to resolve some of their disputes. (ECF No. 21, PageID.464.) Ultimately, however, the parties' attempts to resolve their disputes were unsuccessful.

6

On November 2, 2023, VCST filed its initial complaint against BW. (ECF No. 1.) On December 11, 2023, BW moved to dismiss VCST's complaint. (ECF No. 18.)

On January 2, 2024, VCST then filed its first amended complaint against BW asserting claims for Breach of Contract, Breach of Requirements Contract Under MCL 400.2306, Breach of Stated Estimates Under MCL 440.2306, Breach of July Settlement Agreement, and Unjust Enrichment. (ECF No. 21.) BW timely moved to dismiss VCST's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, the doctrine of forum non conveniens. (ECF No. 25.) BW argues that Addendum No. 1 contains an enforceable and mandatory forum selection clause that governs the parties agreement and requires VCST's claims to be litigated in Mexico. (*Id.*)

VSCT contends that Addendum No. 1 does not control. Rather, it argues, the terms and conditions set forth on BW's website that favor Michigan govern this dispute.

### III. LEGAL STANDARD

When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the

complaint's factual allegations as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

In deciding whether to dismiss a case, a court will generally rely only on the facts or claims stated in the complaint. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (citations omitted). However, the Court may consider exhibits attached to the complaint, public records, and motion to dismiss attachments without converting the motion into one for summary judgment so long as the outside documents are referred to in the complaint and are central to the claims. *Id.*

Additionally, the Sixth Circuit has recognized that Rule 12(b)(6) is a viable mechanism to enforce a forum-selection clause. *Smith v. Aegon Co. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). "On a motion pursuant to Rule 12(b)(6), the court only needs to determine whether the forum selection clause is enforceable and applicable; if it is, then the suit should be dismissed." *Transp. Sys., LLC v. Amazon*, No. 18-CV-11286, 2018 WL 5043726, at *2 (E.D. Mich. Oct. 17, 2018).

## IV. ANALYSIS

The Court concludes that the forum-selection clause in Addendum No. 1 that requires claims under the parties' contractual agreement to be litigated in the Federal Courts of Mexico City is mandatory and enforceable.

"A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 591 (1991). Additionally, the party opposing the forum-selection clause bears the burden of showing the unenforceability of the clause. *Id.*

In a diversity suit, like the present case, federal law governs the enforceability of forum-selection clauses. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). The Sixth Circuit uses a three-part test to analyze the enforceability of a forum-selection clause: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would

be unjust." *Sec. Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369, 375 (6th Cir. 1999).

All three factors weigh in favor of BW and support the enforceability of the forum-selection clause in Addendum No. 1. As to the first factor, VCST makes no argument that Addendum No. 1, which contains the forum-selection clause, was obtained by fraud, duress, or other unconscionable means. Indeed, the evidence supports the opposite conclusion. Addendum No. 1 was negotiated and executed by two sophisticated parties and signed by both their representatives. *See Transp. Sys., LLC v. Amazon*, No. 18-CV-11286, 2018 WL 5043726, at *3 (E.D. Mich. Oct. 17, 2018) (explaining that first *Wong* factor weighed in favor of defendant where "the agreement was reached by two sophisticated business entities.").

Under the second factor, VCST must show that a Mexican federal court would ineffectively and unfairly handle this suit. *Sec. Watch, Inc.,* 176 F.3d at 375. Different or less favorable foreign law is insufficient to satisfy this prong. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1230 (6th Cir. 1995). Instead, "the foreign law must be such that a risk exists that the

10

litigants will be denied any remedy or will be treated unfairly." *Wong*, 589 F.3d at 829.

VCST has also failed to meet its burden under the second factor. District courts around the country, including in our district, have held that Mexico is an appropriate forum for breach of contract and unjust enrichment suits. *See Ochoa v. Empresas ICA, S.A.B. de C.V.*, No. 11-23898-CIV, 2013 WL 5674697, at *5 (S.D. Fla. Oct. 17, 2013); *also Brose N. Am., Inc. v. Stamped Prod., Inc.*, No. 06-CV-12072, 2006 WL 3386574, at *4 (E.D. Mich. Nov. 21, 2006). VCST does not provide any arguments or evidence that supports the position that courts in Mexico City could not provide adequate relief for their claims.

Under the third factor, VCST must show that enforcing the forum-selection clause would be unreasonable or unjust. "A finding of unreasonableness or injustice must be based on more than mere inconvenience to the party seeking to avoid the requirements of the forum selection clause." *Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 722 (6th Cir. 2006). The Sixth Circuit has also held that "enforcement of a forum selection clause would not be unreasonable where the opposing

11

party failed to produce evidence that it was exploited or unfairly treated." *Wong*, 589 F.3d at 829.

The Court concludes that the third factor also weighs in favor of BW. The facts illustrate that Mexico appears to be the more reasonable forum for this suit. Mexico has a significant connection to the dispute, which centers around pinions that are manufactured and supplied in Mexico. Further, VCST has failed to show that Mexico is an unreasonable or unjust forum to adjudicate their suit. *Id*. at 830. In sum, all three factors support the conclusion that the forum selection clause in Addendum No. 1 is enforceable. *Id*.

The Court further finds that the enforceable forum-selection clause in Addendum No. 1 is mandatory. The plain language of the clause states that, "the parties expressly submit to the jurisdiction of the competent Federal courts sitting in Mexico City, and expressly waive their rights to any other jurisdiction that could correspond to them as a consequence of their domiciles or of any other reason." (ECF No. 25-3, PageID.722.) The language of the clause makes it clear that other jurisdictions are excluded except Mexico City. *See Good v. Nippon Yusen Kaisha*, No. 1:12-CV-01882-AWI, 2013 WL 2664193, at *4 (E.D. Cal. June 12, 2013) ("when

the sentence is read as a whole, it is clear the language designating the forum selection clause is mandatory because it excludes the jurisdiction of any other court. A mandatory clause is one where jurisdiction is exclusive").

VCST does not directly respond to the factors cited by BW. Instead, VCST claims that BW effected a purchase order rule change, and those terms contain a forum-selection clause that favors Michigan and controls the present dispute. (ECF No. 26, PageID.797-798.) In support of this argument, VCST points to award letters and purchase orders that were executed by the parties after Addendum No. 1, that do not explicitly reference Addendum No. 1. According to VCST, because Addendum No. 1 was not explicitly referenced in those award letters, the forum selection clause in Addendum No. 1 is improper by way of, "modification, abandonment, or simply a subsequently executed contract that superseded prior inconsistences," and Michigan is the proper forum. (ECF No. 26, PageID.803.)

The Court does not find VCST's argument persuasive. First, the documents referenced in VCST's complaint (but which it fails to attach),

13

cut against its own argument.[1] On June 23, 2022, VCST's CEO wrote a letter to the defendants seeking to recover costs against the defendants due to quantity changes by BW. (ECF No. 25-13.) The letter, written and signed by the most senior executive at VCST's automotive division, references the parties LOI and Addendum No. 1 and explicitly states that subsequent award letters are subject to Addendum No. 1. (*Id.*) This directly contradicts VCST's assertion that Addendum No. 1 and its accompanied forum-selection clause were superseded, modified, or abandoned.

To the extent that VCST argues that Addendum No. 1 does not govern the parties dispute because Addendum No. 1 was signed by "non-parties," the Court does not find that argument persuasive either. The record reflects that despite the many name changes or spinoffs to BW, the parties clearly understood that VCST's plant in Mexico was to supply pinions to BW's plant in Mexico under the contractual arrangement set forth in the LOI, Addendum No. 1, and subsequent purchase orders and award letters. Indeed, up until this dispute, there is no evidence in

---

[1] Despite acknowledging and referencing Addendum No. 1 (ECF No. 21, PageID.440) and the June 23, 2022 letter by their CEO (ECF No. 21, PageID.460) in their complaint, VCST fails to attach both documents to their complaint or response.

VCST's complaint or on the record to suggest that VCST was unaware about which BW entity they were conducting business with.

Based on the above, VCST fails to meet the "heavy burden" to overcome the presumption that the forum-selection clause in Addendum No. 1 should control. *Transp. Sys., LLC*, No. 18-CV-11286, 2018 WL 5043726, at *3 (E.D. Mich. Oct. 17, 2018). Accordingly, the forum selection clause in Addendum No. 1 that requires claims under the parties' contractual arrangement be litigated in Mexico City is mandatory and enforceable and the Court **GRANTS** BW's motion.[2]

## V. CONCLUSION

Accordingly, **IT IS ORDERED** that BW'S motion to dismiss is **GRANTED**. (ECF No. 25.)

**IT IS FURTHER ORDERED** that BW's prior motion to dismiss is **DENIED AS MOOT**. (ECF No. 18.)

---

[2] Since the Court finds the forum selection clause in Addendum No. 1 enforceable, the Court declines to weigh the merits of BW's alternate argument regarding forum non conveniens.

**SO ORDERED.** Dated:

August 19, 2024                  s/**Jonathan J.C. Grey**
                                                   Jonathan J.C. Grey
                                                   United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2024.

                         s/ S. Osorio
                     Sandra Osorio
                     Case Manager